IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF INDIANA

MALIBU MEDIA, LLC,

    Plaintiff,

vs.

JOHN DOES 1-14,

    Defendants.

CIVIL ACTION NO.: 1:12-cv-00263-PPS-RBC

MOTION TO SEVER, DISMISSING THE CLAIMS AGAINST DOES 2-14, AND TO QUASH AND VACATE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

FILED 12 OCT 15 PM 2:46

TO PLAINTIFF MALIBU MEDIA, LLC, ("PLAINTIFF") AND ITS ATTORNEY OF RECORD:

Doe #6 (IP address 69.246.221.161) ("Movant"), through undersigned counsel, moves the Court to sever, dismissing the claims against Does 2-14 and to quash and vacate the subpoena to produce documents, information, or objects or to permit inspection of premises issued against Movant, at the request of the defendant, of which a copy is attached as Exhibit A, upon the following grounds:

1. Defendants John Does 1-14 should not be joined as no right to relief can be asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences (Federal Rule of Civil Procedure 20(a)(2)). There is nothing in this action that connects all of the Doe Defendants to each other that would constitute a same transaction or occurrence and the Plaintiff in no way establishes such a connection that would promote trial convenience and expedite the resolution of lawsuits. Therefore, Defendants John Does 2-14 should be severed and the claims against them dismissed and as such the subpoenas against Defendants John Does 2-14 should be quashed and vacated (Sunlust Pictures, LLC, v. John Does 1-120, USDC Southern District of Florida 1:12-cv-20920-PAS, (2012)).

2. Defendant John Doe 6 did not infringe on Plaintiff's copyright protected work and Plaintiff does not establish a preponderance of evidence to the contrary.

3. Plaintiff has not shown a preponderance of evidence that Defendant John Doe 6 should even be a named defendant in this case. The manner (collection of Internet Protocol (IP) addresses) in which Plaintiff identifies alleged infringers is imprecise; for example, it is common today for people to use routers to share one internet connection between multiple computers, the subscriber associated with the IP address may not necessarily be the alleged infringer, and IP addresses can change frequently due to their dynamic nature (Sunlust at 9) (see also AF Holdings, LLC, v. John Does 1-31, USDC Southern District of Florida 1:12-cv-20922-UU, 6 (2012) court required a "showing of the precise methodology and technique employed by the Plaintiff in its use of geolocation to establish—to a reasonable degree of certainty—that the Defendant may be found within this district and that due diligence, as well as due care, [has] been employed in ascertaining that the IP addresses associated with the alleged tortfeasors are or were assigned to a system or node that can be used to reasonably calculate the identity of the alleged infringing party.").

4. Even if the public IP address is associated with Movant, it doesn't establish that Movant was the infringer as any number of situations may apply attributing the infringement to a completely different individual ("...the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous..." Sunlust at 3).

5. Furthermore, no DMCA take-down notices were issued to the ISF and passed to Movant.

6. Additionally, there is no statement in the subpoena as to the period of time to be covered by the inspection of premises described therein, it being unlimited as to time; that to comply with the subpoena as written would require Movant to remain home from work for an unlimited amount of time until the inspection of the premises has taken place, which would both be impractical and impossible unless the Plaintiff would be able to somehow guarantee Movant that Movant's job would not be lost and any and all lost wages during the time Movant remained

home for the inspection would be covered by Plaintiff; that the subpoena is too indefinite and uncertain and does not sufficiently describe the inspection of premises described.

7. To comply with the inspection of premise would cause great inconvenience to Movant and large expense if Plaintiff does not cover any and all lost wages or loss of job, the subpoena calling for an unspecified amount of time for the inspection of premises, which would require the Movant to remain home from work with lost wages and possible loss of job, and no expenses were tendered unto this Movant with which to comply with the request contained in the subpoena.

8. The subpoena is too indefinite and uncertain with reference to the inspection of the premise referred to therein, it not being described other than by the use of the words "designated premises, land, or other property" and it not being shown what premises, land, or other property are contemplated by the subpoena, and it is likewise too indefinite and uncertain as to designated object, it not being shown what is contemplated by the term "any designated object" or "operation," and the designated premises referred to concerning them not being sufficiently described.

9. The subpoena's request for documents, information, or objects, although may seem definitely defined (documents identifying the name, address, and telephone number of the defendant John Does...), is simply being used as a tool enabling Plaintiff access to unreasonable extended searches and seizures of any and all information they see fit by using the identification of the defendant to procure information outside the subpoena or into the indefinite and uncertain part of the subpoena; and enabling Plaintiff to become a nuisance to Movant through letters and telephone calls when Plaintiff hasn't even established that Defendant John Doe 6 is a true defendant and actually the infringing party; as such Movant's identity has not been attached to this Motion except for indicating as Plaintiff has that of Defendant John Doe 6, and furthermore, Movant's attendance at the Motion hearing would also jeopardize Movant's identity, who for obvious reasons as described above, wishes to remain anonymous to Plaintiff.

10. Movant's Constitutional Fifth Amendment privilege against self-incrimination, due to the fact that Plaintiff could decide to file criminal prosecution at a later time; and according to Title 35, Article 34, Chapter 2-6 Motion to Quash Subpoena, of the Burns Indiana Code Annotated, the court must grant the motion to quash unless Movant is granted use immunity.

11. Movant's Constitutional Fourth Amendment privilege against unreasonable searches and seizures being that Plaintiff has not particularly described the place to be searched nor the persons or things to be seized as indicated in the subpoena's request for inspection of premises being unlimited as to place, documents, and objects to be searched and seized.

WHEREFORE, Movant moves that Does 2-14 be severed, dismissing the claims against them, and the subpoena to produce documents, information, or objects or to permit inspection of premises be quashed and held void by this court and that Movant be given such other and further relief to which it may be justly entitled.

Dated: October 15, 2012         MOVANT, John Doe #6

Respectfully submitted,

/s/ Conrad Troy Elliott
Conrad Troy Elliott (Bar No. 30323-02)
9625 Saint Joseph Street
Leo, IN 46765
troyelliottlaw@gmail.com
Tel: (260) 739-2433

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of Court and subsequently served upon the following counsel of record.

Paul J. Nicoletti
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
(248) 203-7800
Fax: (248) 203-7801
paul@nicoletti-associates.com

Respectfully submitted,

/s/ *Conrad Troy Elliott*
Conrad Troy Elliott (Bar No. 30323-02)
9625 Saint Joseph Street
Leo, IN 46765
troyelliottlaw@gmail.com
Tel: (260) 739-2433