IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF INDIANA

CIVIL ACTION NO.: 1:12-cv-00263-PPS-RBC

MALIBU MEDIA, LLC,

Plaintiff,

vs.

JOHN DOES 1-14,

Defendants.

**MOTION TO DISMISS THE CLAIMS AGAINST JOHN DOE 6**

TO PLAINTIFF MALIBU MEDIA, LLC, ("PLAINTIFF") AND ITS ATTORNEY OF RECORD:

Doe #6 (IP address 69.246.221.161) ("Movant"), through undersigned counsel, moves the Court to dismiss the claims against John Doe 6 from the action filed by Plaintiff upon the following grounds:

1. Plaintiff has not shown a preponderance of evidence that Defendant John Doe 6 should even be a named defendant in this case. The manner (collection of Internet Protocol (IP) addresses) in which Plaintiff identifies alleged infringers is imprecise; for example, it is common today for people to use routers to share one internet connection between multiple computers, the subscriber associated with the IP address may not necessarily be the alleged infringer, and IP addresses can change frequently due to their dynamic nature (Sunlust Pictures, LLC, v. John Does 1-120, USDC Southern District of Florida 1:12-cv-20920-PAS, 9 (2012)) (see also AF Holdings, LLC, v. John Does 1-31, USDC Southern District of Florida 1:12-cv-20922-UU, 6 (2012) court required a "showing of the precise methodology and technique employed by the Plaintiff in its use of geolocation to establish—to a reasonable degree of certainty—that the Defendant may be found within this district and that due diligence, as well as due care, [has] been employed in ascertaining that the IP addresses associated with the alleged tortfeasors are or were assigned to a system or node that can be used to reasonably calculate the identity of the alleged infringing party.").

2. Even if the public IP address is associated with Movant, it doesn't establish that Movant was the infringer as any number of situations may apply attributing the infringement to a completely different individual including house guests and others that use the same IP address ("...the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous..." Sunlust at 3).

3. Furthermore, no DMCA take-down notices were issued to the ISF and passed to Movant.

WHEREFORE, Movant moves to dismiss the claims against John Doe 6 and that Movant be given such other and further relief to which it may be justly entitled.

Dated: October 23, 2012     MOVANT, John Doe #6


Respectfully submitted,

/s/ *Conrad Troy Elliott*
Conrad Troy Elliott (Bar No. 30323-02)
9625 Saint Joseph Street
Leo, IN 46765
troyelliottlaw@gmail.com
Tel: (260) 739-2433

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of Court and subsequently served upon the following counsel of record.

Paul J. Nicoletti
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
(248) 203-7800
Fax: (248) 203-7801
paul@nicoletti-associates.com

Respectfully submitted,

/s/ *Conrad Troy Ell*
Conrad Troy Elliott (Bar No. 30323-02)
9625 Saint Joseph Street
Leo, IN 46765
troyelliottlaw@gmail.com
Tel: (260) 739-2433