# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOES 1-14,<br><br>    Defendants. | CIVIL ACTION NO.: 1:12-cv-00263-PPS-RBC<br><br>BREIF IN SUPPORT OF MOTION TO DISMISS THE CLAIMS AGAINST JOHN DOE 6 |

TO PLAINTIFF MALIBU MEDIA, LLC, ("PLAINTIFF") AND ITS ATTORNEY OF RECORD:

I. <u>STATEMENT OF FACTS</u>

1. Plaintiff filed a subpoena to produce documents, information, or objects against an IP address of 69.246.221.161 along with twelve other IP addresses in regards to an alleged infringement of copyright.

2. Plaintiff served the subpoena on Comcast who then sent the subpoena to Defendant John Doe 6 indicating that Defendant was assigned to IP address 69.246.221.161.

3. The actual owner of an IP address is not the only user on an IP address and does not always have knowledge of or control over how other users make use of the Internet on that IP address.

4. Defendant John Doe 6 has never heard of let alone did not infringe on Plaintiff's copyright protected work.

5. No DMCA takedown notices were ever issued to the ISF and passed to Defendant.

6. Plaintiff has not shown a preponderance of evidence that Defendant John Doe 6 should even be a named defendant in this case.

II. <u>LEGAL ARGUMENT</u>

    A. <u>The claims against Defendant should be dismissed pursuant to Indiana Rules of Court - Rules of Evidence and the Federal Rules of Evidence on the grounds that the Plaintiff has not established a preponderance of evidence, or clear and convincing evidence, against Defendant.</u>

According to the Indiana Rules of Court Rules of Evidence Rule 104, "where a determination of admissibility...requires resolution of a question of fact, the question shall be resolved by the preponderance of the evidence." According to the Federal Rules of Evidence, the Plaintiff has the burden of persuasion either by a preponderance of evidence or clear and convincing evidence to establish that the case against Defendant is valid (Federal Rules of Evidence Rule 301). The question of fact before the court is whether Plaintiff's naming of Defendant John Doe 6 is a valid or actual true Defendant in this action. Plaintiff has not met the burden of persuasion that Defendant John Doe 6 is the actual alleged infringer in this action. Plaintiff cannot connect any actual infringement with the actions of the owner of the IP address 69.246.221.161.

Furthermore, the manner (collection of Internet Protocol (IP) addresses) in which Plaintiff identifies alleged infringers is imprecise; for example, it is common today for people to use routers to share one internet connection between multiple computers, the subscriber associated with the IP address may not necessarily be the alleged infringer, and IP addresses can change frequently due to their dynamic nature (Sunlust Pictures, LLC, v. John Does 1-120, USDC Southern District of Florida 1:12-cv-20920-PAS, 9 (2012)) (see also AF Holdings, LLC, v. John Does 1-31, USDC Southern District of Florida 1:12-cv-20922-UU, 6 (2012) court required a "showing of the precise methodology and technique employed by the Plaintiff in its use of geolocation to establish—to a reasonable degree of certainty—that the Defendant may be found within this district and that due diligence, as well as due care, [has] been employed in ascertaining that the IP addresses associated with the alleged tortfeasors are or were assigned to a system or node that can be used to reasonably calculate the identity of the alleged infringing party.").

Even if the public IP address is associated with Defendant John Doe 6, it doesn't establish that Defendant John Doe 6 was the actual infringer as any number of situations may apply attributing the infringement to a completely different individual including house guests and others that use the same IP address ("...the assumption that the person who pays for Internet

access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous..." Sunlust at 3). In this instance Plaintiff has not provided any evidence, let alone a preponderance of evidence, that the owner of the IP address is the actual infringing party.

Therefore, because the connection between Defendant John Doe 6 and any alleged infringement is tenuous at best and Plaintiff presents no evidence that Defendant John Doe 6 is actually the alleged infringing party, the claim against Defendant John Doe 6 should be dismissed without prejudice.

B.     Defendant has a meritorious defense to the action.

As can be seen by the Motion to Quash that was filed herewith, Defendant has a meritorious defense to this action. Specifically, Plaintiff seeks by its complaint to gather personal information about Defendant John Doe 6 in pursuit of an alleged copyright infringement (See Motion to Quash on file herein) when in actuality Defendant never infringed on Plaintiff's copyright and Plaintiff does not provide any evidence to the contrary. Accordingly, unless the Court grants the motion to dismiss against Defendant, Plaintiff will be allowed to have judgment entered against an improper defendant.

Furthermore, no DMCA takedown notices were issued to the ISF and passed to Defendant. According to the Digital Millennium Copyright Act of 1998 (Title 17 of the United States Code, US Copyright Law Appendix B), in order to have an allegedly infringing website removed from a service provider's network, or to have access to an allegedly infringing website disabled, the copyright owner must provide notice to the service provider (Title 17 of the United States Code, US Copyright Law Chapter 5 Section 512) and then the service provider must takedown or disable access to such website and notify the individual user. In this instance Defendant never received any DMCA takedown notices from Plaintiff or Defendant's service provider.

Plaintiff provides no paper trail of any infringement and took no steps to have the service provider or IP users remove any alleged infringement with a DMCA takedown notice. Plaintiff should not be allowed the granting of subpoena against an improper defendant where

3

Plaintiff has not shown any evidence that Defendant John Doe 6 actually infringed on Plaintiff's copyright.

III. CONCLUSION

For the foregoing reasons, Defendant John Doe 6 respectfully requests that the Motion to Dismiss be granted. This motion is based upon the grounds Defendant John Doe 6, individually, did not infringe on Plaintiff's copyright protected work and Plaintiff does not establish a preponderance of evidence to the contrary, and that Defendant John Doe 6 is an improper defendant and Plaintiff doesn't fulfill the burden of persuasion that Defendant should be a named defendant.

Dated: October 30, 2012                    DEFENDANT, John Doe #6

Respectfully submitted,

/s/ *Conrad Troy Elliott*
Conrad Troy Elliott (Bar No. 30323-02)
9625 Saint Joseph Street
Leo, IN 46765
troyelliottlaw@gmail.com
Tel: (260) 739-2433

4

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of Court and subsequently served upon the following counsel of record.

Paul J. Nicoletti
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
(248) 203-7800
Fax: (248) 203-7801
paul@nicoletti-associates.com

Respectfully submitted,

/s/ Conrad Troy Elliott
Conrad Troy Elliott (Bar No. 30323-02)
9625 Saint Joseph Street
Leo, IN 46765
troyelliottlaw@gmail.com
Tel: (260) 739-2433

5