UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-263 |
| | ) | |
| **JOHN DOES 1-14,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

A telephonic hearing was held on November 6, 2012, on Defendant John Doe No. 7's Motion to Vacate, or in the Alternative Modify, the Court's September 4, 2012, Ex Parte Order (Docket # 19), which granted Plaintiff leave to serve third-party subpoenas prior to the Rule 26(f) scheduling conference. (*See* Docket # 5, 6.) Attorneys Jonna Reilly and Conrad Elliott appeared as counsel for their respective Doe Defendants; Plaintiff's counsel, however, failed to appear. After several unsuccessful attempts to contact Plaintiff's counsel, the Court proceeded with the hearing. Oral argument on the Motion was heard and concluded from Attorney Reilly.

For the reasons stated on the record, the Court DENIES Defendant John Doe No. 7's Motion to Vacate, or in the Alternative Modify, the Court's September 4, 2012, Ex Parte Order (Docket # 19) but *sua sponte* enters the following Order[1] to govern these proceedings:

1.  No later than two days after receipt by Plaintiff of any response or any other communication relating to a subpoena issued to any Internet Service Provider or any other person or entity in this matter, Plaintiff shall file under seal in this matter a copy of the subpoena

---

[1] The Order is modeled on an Order entered by Magistrate Judge Mark Dinsmore in a similar case in the Southern District of Indiana, *Malibu Media LLC v. John Does 1-9*, No. 1:12-cv-1116 (S.D. Ind. Sept. 19, 2012).

issued and the complete response received, including all communications between Plaintiff or its counsel and the person or entity upon whom the subpoena was served.  In the event Plaintiff received responses to any subpoenas issued in this matter prior to the date of this order, Plaintiff shall file under seal in this matter a copy of the subpoena issued and the complete response and all communications received within two days of the date of this order.  Plaintiff shall likewise file under seal any subsequent or supplemental responses or communications regarding any subpoenas previously filed within two days of Plaintiff's issuance or receipt of such response or communication, with reference to the docket number of the subpoena to which such response relates.[2]

     2.       Plaintiff, its counsel, and any other person or entity acting for or on its behalf shall hereafter refrain from any direct communication with any of the putative Defendants without express leave of Court.  The sole exception to this prohibition is that counsel for Plaintiff may arrange to effect service of a summons and the Complaint upon a putative Defendant and following service upon a Defendant may properly serve any other papers filed with the Court upon that Defendant.[3]  Communications with counsel for a putative Defendant are permitted.

     3.       Within seven days of the date of this Order, Plaintiff shall file under seal a copy of any and all correspondence between Plaintiff or anyone acting for or on behalf of Plaintiff or Plaintiff's counsel and any of the remaining putative Defendants.  Such submission should include any agreements or proposed agreements between Plaintiff and any of the remaining

---

[2] This paragraph only applies to those subpoenas concerning Defendants not previously dismissed.

[3] The Court is contemporaneously entering a separate Order that permits the Doe Defendants to proceed anonymously at this stage of the proceedings.  Pursuant to that Order, Plaintiff is not to use a Doe Defendant's real name in any amended complaint or other communication that is publicly filed, unless Plaintiff has first obtained leave of Court to do so.

putative Defendants. Such submission shall also include a log of any oral communications between Plaintiff or anyone acting for or on behalf of Plaintiff or Plaintiff's counsel and any of the remaining putative Defendants identifying the date of such communication, the identity of the individuals who participated in such communication and a summary of the substance of such communication.

      4.      Within seven days of the identification through discovery or otherwise of any putative Defendant, Plaintiff shall undertake immediate efforts to effect service of process upon that Defendant and file such proof of service under seal with the Court.

SO ORDERED.

Entered this 7th day of November, 2012.

                                                S/ Roger B. Cosbey
                                                Roger B. Cosbey,
                                                United States Magistrate Judge