UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,                )<br>                                                     )<br>          Plaintiff,                         )<br>                                                     )<br>v.                                                 )<br>                                                     )<br>JOHN DOES 1-14,                      )<br>                                                     )<br>          Defendants.                    )<br>_____) | Civil Case No. 1:12-cv-00263-PPS-RBC |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO QUASH AND VACATE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION [DKT. #12]**

### I.  INTRODUCTION

Plaintiff respectfully requests this Court deny Defendant's motion to quash. Defendant's motion is misguided and fails to satisfy the requirements of Rule 45. Defendant fails to cite even one authority for the proposition that this Court should quash the subpoena. Instead, Defendant erroneously invokes the protections of the Fourth and Fifth Amendments arguing that Plaintiff should be denied the requested information. Defendant's only feasible argument, that an IP address does not identify an individual and that therefore suing an Internet subscriber for unlawful acts traced to that subscriber's IP address should not be legally permitted, is contrary to established law. Plaintiff is pursuing an actionable tort in the only possible way. Accordingly, this Court should deny Defendant's motion.

### II.  THIS COURT SHOULD NOT QUASH THE SUBPOENA

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial

1

within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. See Fed. R. Civ. P. 45(c)(3)(A)(i-iv). The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. See Fed. R. Civ. P. 45(c)(3)(B)(i-iii). Defendant has failed to demonstrate any of the requirements of Rule 45(c)(3) and therefore has no valid ground on which to argue for this Court to quash the subpoena. Accordingly, Defendant's motion should be denied.

### III. A GENERAL DENIAL OF LIABILITY IS NOT A BASIS FOR QUASHING THE SUBPOENA

It is well settled law that, "[a] general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co., 736 F.Supp.2d at 215). See also e.g. First Time Videos, LLC v. Does 1-76, 276 F.R.D. 254, 256-57 (N.D. Ill. 2011) (same); Voltage Pictures, LLC v. Does 1-5,000, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of engaging in copyright infringement is not a basis for quashing the plaintiff's subpoena."). Accordingly, Defendant's argument that "John Doe 6 did not infringe Plaintiff's copyright protected work" is of no moment at this stage. Def.'s Mot. ¶ 1.

### IV. PLAINTIFF IS PURSUING AN ACTIONABLE TORT IN THE ONLY POSSIBLE WAY

Congress specifically contemplated these types of copyright infringement actions. To deter on-line infringement, Congress enacted the Digital Theft Deterrence Act of 1999, which increased the minimum and maximum statutory damages awardable for copyright infringement:

> Many computer users are either ignorant that copyright laws apply to Internet activity, or they simply believe that they will not be caught or prosecuted . . . . Also, many infringers do not consider the current copyright infringement penalties a real threat . . . In light of this disturbing trend, it is manifest that Congress respond appropriately with updated penalties to dissuade such conduct. H.R. 1761 increases copyright penalties to have a significant deterrent effect on copyright infringement.

H.R. Rep. No. 106-216, at 3 (1999); the Act amended 17 U.S.C. § 504(c).

[T]he plain language of the statute (17 U.S.C. § 501) . . . renders those . . . who use or distribute a copyrighted worked [over the internet for non-commercial gain are] liable." Sony BMG Music Entertainment v. Tenenbaum, 660 F.3d 487 (1st Cir. 2011) (explicitly rejecting the argument that individual, private, consumer use does not constitute infringement.)  During her tenure as Register of Copyright, Mary Beth Peters explained the rights of copyright holders in peer-to-peer infringement actions in the context of pornographic works to the Senate Judiciary Committee: "[t]he law is unambiguous. Using peer-to-peer networks to copy or distribute copyrighted works without permission is infringement and copyright owners have every right to invoke the power of the courts to combat such activity.  Every court that has addressed the issue has agreed that this activity is infringement.[1]"  Ms. Peters explained that these types of suits are necessary to deter infringement:

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored. <u>For many people, the best form of education about copyright in the internet world is the threat of litigation.</u> In short, if you break the law, you should be prepared to accept the consequences.

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary*, 108th Cong. (2003), *available at* http://www.copyright.gov/docs/regstat090903.html.

3

Id. (Emphasis added.). The Copyright Registrar further added that "[c]opyright owners have every right to enforce their rights in court…against the person engaging in individual acts of infringement using such (peer-to-peer) services."

Defendant's IP address is the only way to identify the infringer.  "Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number.  Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy."  <u>Malibu Media, LLC v. John Does 1-34</u>, 1:12-cv-01188-JES-JAG, (C.D. Ill. Aug. 1, 2012) <u>Order</u> <u>DE #6.</u> Both the Second and Eighth Circuits, the only circuits to rule on the issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants.  In <u>Arista Records, LLC. v. Doe 3</u>, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany."  By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.  Similarly, the Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant."  <u>In re Charter Communications, Inc., Subpoena Enforcement Matter</u>, 393 F.3d 771, FN3 (8th Cir. 2005).

Even if Defendant is not the actual infringer but merely the subscriber of internet service, the infringer was another person who was using the Defendant's internet service. "[T]he Court finds that any concern about identifying a potentially innocent ISP customer, who happens to fall within the Plaintiff's discovery requests upon the ISPs, is minimal and not an issue that would warrant the Court to exercise its inherent power to govern these discovery matters by minimizing

or prohibiting the otherwise legitimate, relevant, and probative discovery." <u>Malibu Media, LLC v. John Does 1-9</u>, 8:12-cv-669-T-23AEP, *5 (M.D. Fla. July 6, 2012). Other courts agree.

> The Court acknowledges that Verizon's compliance with the subpoena may not directly reveal the identity of an infringer. Indeed, the subscriber information Verizon discloses will only reveal the account holder's information, and it may be that a third party used that subscriber's IP address to commit the infringement alleged in this case.

<u>Raw Films, Ltd. v. John Does 1-15</u>, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) (Internal citations omitted). The Court went on to note that while the IP address did not guarantee the subscriber was the infringer, "[t]he subpoena is specific enough to give rise to a reasonable likelihood that information facilitating service upon proper defendants will be disclosed if the ISPs comply." <u>Id.</u> Furthermore, "[t]he customers may know who used the Alleged IP Address at issue or whether some spoofing occurred. The identity of the customer is also likely to lead to any neighbor or other person who may have illegally connected to the customer's wireless technology. The subpoenas . . . are a proper use of discovery." <u>Patrick Collins, Inc. v. John Does 1-9</u>, No. 12-CV-3161 (C.D. Ill. Sept. 18, 2012).

While, as Defendant suggests, this process may not be 100% accurate, it is the most accurate and likely way to identify the person responsible for the use of that IP address. Indeed, it is the only way to enforce one's copyrights against online infringement. Without this ability, copyright owners would have a right without a remedy. Any such state of affairs would violate Chief Justice Marshall's often cited rule that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury." <u>Marbury v. Madison</u>, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).

## V. DMCA TAKEDOWN NOTICES ARE NOT REQUIRED IN ORDER TO SUE FOR INFRINGEMENT

Defendant's argument that "no DMCA take-down notices were issued to the ISF and passed to Movant" is of no consequence because there is no law requiring a copyright holder to issue a take-down notice before suing for infringement. See Def.'s Mot. at ¶4. Defendant does not cite a single authority to the contrary because none exists.

## VI. THE SUBPOENA IS PROPER

As stated above, issuing a subpoena to Defendant's ISP to obtain Defendant's personally identifying information is the only way that Plaintiff can pursue its claims for copyright infringement. Defendant's argument that Plaintiff's subpoena "is simply being used as a tool enabling Plaintiff access to unreasonable extended searches and seizures of any and all information" is simply without merit. Def.'s Mot. at ¶5. Plaintiff's subpoena was properly limited to "the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant." Order, DKT. #6. Plaintiff only uses this information to protect and enforce its copyrights. Defendant fails to support the accusation that Plaintiff will "become a nuisance to Movant through letters and telephone calls" and has no reason to believe this to be true. Id. The argument is entirely unfounded; especially where the Doe Defendant is represented by counsel and Plaintiff is therefore prohibited from contact.

## VII. INVOCATION OF THE FOURTH AMENDMENT IS ERRONEOUS

Because this case is a civil matter between two private parties, it is erroneous for Defendant to attempt to claim the protections of the Constitution against unreasonable searches and seizures. See Def.'s Mot. ¶7. Plaintiff's subpoena will only lead to Doe 6's identifying information which will be used to effect service of process on the Defendant.

6

## VIII. INVOCATION OF THE FIFTH AMENDMENT IS ERRONEOUS

Likewise, Defendant's invocation of the Fifth Amendment's protection against self-incrimination is inapplicable because this is not a criminal matter. Defendant wrongly asserts that "Plaintiff could decide to file criminal prosecution at a later time." Id. at ¶6. Because Plaintiff is a private party and not the government, this argument is flatly wrong.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: November 13, 2012

                                              Respectfully submitted,
                                              NICOLETTI & ASSOCIATES, PLLC

                             By:   /s/ *Paul J. Nicoletti*
                                   Paul J. Nicoletti, Esq. (P44419)
                                   36880 Woodward Ave, Suite 100
                                   Bloomfield Hills, MI 48304
                                   Tel:  (248) 203-7800
                                   Fax:  (248) 203-7801
                                   E-Fax: (248) 928-7051
                                   Email:  paul@nicoletti-associates.com
                                   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                             By:   /s/ *Paul J. Nicoletti*