# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:12-CV-263 |
| JOHN DOE 5, 6, 9, 12, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on its *sua sponte* motion to sever the remaining Defendants in this case.[1] Because Plaintiff does not object to severance (Docket # 110), and the Court now finds it to be the appropriate course of action, Does No. 5, 9, and 12 will be SEVERED from this case, leaving Doe No. 6 as the only Defendant.

### A. *Factual and Procedural Background*

Plaintiff Malibu Media brought this copyright infringement action against fourteen Doe Defendants in July 2012. (Docket # 1.) Although the alleged copyright violations occurred on different dates and times and from different Internet Protocol addresses, Malibu Media brought a single suit against all fourteen Defendants, alleging that joinder was appropriate. (*See* Compl. ¶ 10.) Several Doe Defendants subsequently moved to sever the claims against each Defendant. (Docket # 13, 17, 24.)

In December 2013, the Court denied the motions to sever and declined to exercise its discretion to sever the Doe Defendants under Federal Rule of Civil Procedure 21. (*See* Docket #

---

[1] Although there were originally fourteen Defendants in this case, now only four remain—Does No. 5, 6, 9, and 12.

1

43, 44.) At the same time, however, the Court stated that it remained open to reconsidering whether severance was appropriate at a later date. (Docket # 43 at 16-17; Docket # 44 at 17-18.) That later date came on April 15, 2013, when the Court admonished the parties that it was *sua sponte* reconsidering its previous denial of discretionary severance and ordered Plaintiff to show cause why severance was not appropriate. (Docket # 107.) Plaintiff responded on April 29, 2013, and did not object to severance of the remaining Defendants. (Docket # 110.)

### B. Applicable Law

Under Federal Rule of Civil Procedure 21, a court may, on motion or on its own, add or drop a party or sever any claim against any party at any time. *Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768, at *3 (N.D. Ill. Aug. 27, 2012) (citing FED. R. CIV. P. 21). Whether to sever a claim under Rule 21 lies "within the district court's broad discretion." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). "The practical effect of severance of previously-joined claims is the creation of two or more separate actions." *Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73, 78 (E.D. Wis. 1985). To decide whether severance is appropriate, "a court should consider the convenience and fairness to parties as well as the claim's separability in logic and law. A court's decision should serve the ends of justice and facilitate the prompt and efficient disposition of the litigation." *Bennett v. Sch. Dirs. of Dist. 115*, No. 96 C 2422, 1996 WL 495555, at *2 (N.D. Ill. Aug. 28, 1996) (internal citations omitted).

### C. Analysis

When it first addressed the issue, the Court declined to exercise its discretion to sever the Defendants primarily because, at that point, joinder promoted judicial economy and facilitated

2

the discovery process, allowing for efficient identification of the Doe Defendants, and due to the commonality of the legal claims at that time. (Docket # 43 at 15-16; Docket # 44 at 16-17.) Now, however, all the Doe Defendants been identified and only four remain in the case. Moreover, although the claims against the remaining Doe Defendants may be similar, the case has reached the point where the different factual issues and legal defenses in each Defendant's case actually create judicial inefficiency rather than promoting efficiency. *See Bubble Gum Prods., LLC v. Does 1-80*, No. 12-20367-CIV, 2012 WL 2953309, at *4 (S.D. Fla. July 19, 2012) ("[T]he variety of individualized defenses that can be raised creates judicial inefficiency when numerous defendants are joined." (citations omitted)). At this point, further permitting joinder of the Defendants "would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating [four] mini-trials involving different evidence and testimony." *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011).

Accordingly, because joinder will no longer promote judicial economy and efficient and fair resolution of this litigation, the Court exercises its discretion under Rule 21 to sever the four remaining Doe Defendants. *See, e.g.*, *Third Degree Films, Inc. v. Does 1-72*, No. 12-cv-14106, 2013 WL 1164024, at *11 (E.D. Mich. Mar. 18, 2013) (recommending severance when going forward in one proceeding would unduly compromise the fairness and efficiency of that proceeding); *Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *16 (N.D. Ill. Mar. 7, 2013) (severing all defendants but one when mass litigation against several defendants would prove unmanageable at trial and unfairly burdensome on the defendants); *Malibu Media, LLC v. Does 1, 2, 4-7, 11, 16, 17 & 21*, __ F. Supp. 2d __, 2013 WL 525352, at *6 (M.D. Fla.

Feb. 13, 2013) (severing Doe Defendants when joinder did not promote efficient, practical, and fair litigation).

### *D. Conclusion*

As such, all remaining Defendants are SEVERED from this case with the exception of Doe No. 6. The Clerk is therefore directed to sever the claims against Doe Defendants No. 5, 9, and 12; to treat the claims against those Defendants as separate actions; and to assign them to Chief Judge Philip P. Simon and the undersigned Magistrate Judge with a separate docket number for each action.

Plaintiff Malibu Media is hereby directed to file separate amended complaints containing only its claims against each Defendant. The Court by separate order is vacating the requirement (*see* Docket # 31) that Plaintiff not use any Doe Defendant's real name in an amended complaint or other communication, and accordingly the amended complaints directed to be filed by this Opinion and Order shall use the Defendant's real name. Once those amended complaints are properly served, each Defendant will file answers separately. The stay previously imposed (Docket # 109, 112) is hereby lifted.

SO ORDERED.

Enter for the 21st day of May, 2013.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge