UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     CAUSE NO. 1:12-CV-263 |
| | ) |
| **JOHN DOE 5, 6, 9, 12,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On November 7, 2012, the Court entered a order preventing the Plaintiff from using any Doe Defendant's real name in an amended complaint or other publicly filed communication without first obtaining leave of court.  (Docket # 31.)   Since the entry of that order, this case has evolved to the point where only four Defendants remain, all of whom apparently wish to proceed forward with this litigation.  Moreover, contemporaneously with this Opinion and Order, the Court is severing the remaining Doe Defendants in the case, except for Doe No. 6, and directing Plaintiff to file separate amended complaints against each Defendant.  Before those are filed, it is appropriate to reevaluate the anonymity requirements previously imposed.

Judicial proceedings are supposed to be open to enable the public to monitor them.  *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).  "Identifying the parties to the proceeding is an important dimension of publicness.  The people have a right to know who is using their courts."  *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in

1

secret." (citations omitted)); *City of Chicago*, 360 F.3d at 669 ("The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity.").

As such, allowing the use of a fictitious name in litigation is disfavored, and the Court has an independent duty to determine whether exceptional circumstances justify doing so. *Blue Cross & Blue Shield United of Wis.*, 112 F.3d at 872. On the other hand, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [unidentified party] . . . exceeds the likely harm from concealment." *City of Chicago*, 360 F.3d at 669 (citations omitted); *see also Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (recognizing that courts have permitted a party to proceed under a fictitious name "in exceptional cases where the party has a private right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings'" (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992))).

Here, Plaintiff alleges that the remaining Defendants illegally downloaded its copyrighted—and pornographic—work. Although the Court recognizes the sensitive nature of this case and the potential of embarrassment and annoyance to Defendants that could result from being publically linked to the illegal downloading of pornography, neither this potential embarrassment nor any accompanying social stigma constitutes an exceptional circumstance that would warrant allowing Defendants to proceed anonymously any longer. *Patrick Collins, Inc. v. Doe No. 3*, No. 1:12-cv-00844-TWP-MJD, 2013 WL 364637, at *2 (S.D. Ind. Jan. 29, 2013); *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 452 (D. Mass. 2011). "[M]ere embarrassment does not suffice to overcome the public's interest in disclosure."

*Patrick Collins, Inc.*, 2013 WL 364637, at *2 (citing *Malibu Media, LLC v. Does 1-25*, No. 2:12-cv-266-FtM-29DNF, 2012 WL 3940142, at *6 (M.D. Fla. Aug. 21, 2012); *Liberty Media Holdings, LLC*, 821 F. Supp. 2d at 452). In fact, "[i]t is the rare civil lawsuit in which a defendant is *not* accused of behavior of which others may disapprove. The nature of the allegations alone do not merit a protective order." *Patrick Collins, Inc. v. Does 1-54*, No. CV-11-1602-PHX-GMS, 2012 WL 911432, at *4 (D. Ariz. Mar. 19, 2012) (emphasis added) (discussing allegations that defendants illegally downloaded copyrighted pornography). As embarrassment over being named a defendant in a lawsuit is commonly an unavoidable part of the litigation process, "the proper remedy is not to depart from the 'constitutionally-embedded presumption' of openness of judicial proceedings," but rather "to vigorously defend the lawsuit." *Patrick Collins, Inc.*, 2013 WL 364637, at *2. As such, the remaining Defendants will no longer be permitted to proceed anonymously in this case.

Accordingly, and as required by this Court's November 7, 2012, Order (Docket # 31), Plaintiff is granted leave to use any Doe Defendant's real name in an amended complaint or other publicly filed communication from this point forward.

SO ORDERED.

Enter for the 21st day of May, 2013.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
